TRINA A. HIGGINS, United States Attorney (#7349)
JENNIFER K. MUYSKENS, Assistant United States Attorney (DC #475353)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

FILED US District Court-UT
MAR 01 '23 PM04:25

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| UNITED STATES OF AMERICA, | **INDICTMENT** |
|---|---|
| Plaintiff, | Counts 1-10: 18 U.S.C. § 1343, Wire Fraud |
| vs. | |
| COLE ARNOLD, | Counts 11-15: 18 U.S.C. § 1957, Money Laundering |
| Defendant. | Case: 1:23-cr-00017<br>Assigned To : Kimball, Dale A.<br>Assign. Date : 2/28/2023 |

The Grand Jury Charges:

## BACKGROUND

At all times relevant to this Indictment:

1. Defendant COLE ARNOLD was a resident of Davis County, Utah.

2. Beginning in or around November 2015 and continuing through June 2022, Defendant COLE ARNOLD was employed as an accountant for Academica West Services ("Academica West").

3. Academica West is a company doing business in the State of Utah. Academica West provides services for charter school business operations, to include bookkeeping, reporting and payroll assistance, tax compliance, financial reporting, and

contract negotiations.

4.     As part of his responsibilities as an accountant with Academica West, defendant COLE ARNOLD provided financial services to several charter schools located in the State of Utah, to include North Davis Preparatory Academy ("NDPA") and Ascent Academies ("Ascent").

5.     Defendant COLE ARNOLD was a co-owner and the registered agent of Upper Limit Inovation, a business that was registered in the State of Utah.

## Counts 1-10
## 18 U.S.C. § 1343
## (Wire Fraud)

6.     All the allegations set forth in this Indictment are incorporated herein by reference and realleged as though fully set forth herein.

### The Scheme and Artifice to Defraud

7.     Beginning in and around August 2017, and continuing through June 2022, within the District of Utah and elsewhere,

COLE ARNOLD,

defendant herein, knowingly devised and executed a scheme and artifice to defraud, to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and omissions of material facts.

8.     It was the object of the scheme and artifice to defraud for defendant COLE ARNOLD to obtain money from NDPA and Ascent through false statements, misrepresentations, deception, and omissions of material facts, and thereafter to divert the money for his own use.

9. The fraudulently obtained money was used by defendant COLE ARNOLD for his own personal benefit and the personal benefit of his family, including for travel, concerts, cosmetic surgeries, home improvements, jewelry, furniture, electronics, and other personal expenses.

**Manner and Means of the Scheme and Artifice to Defraud**

10. In execution and furtherance of the scheme to defraud, defendant COLE ARNOLD employed the following manner and means:

   a. Created false invoices, bills, and credit card statements claiming a variety of expenses, to include school supplies, teacher salaries, and other fictitious line-item expenses, for the purpose of generating payments to credit cards controlled by defendant COLE ARNOLD;

   b. Created false computer journal entries claiming a variety of expenses, to include school supplies, teacher salaries, and other fictitious line-item expenses, for the purpose of generating payments to a credit card controlled by defendant COLE ARNOLD; and

   c. Passed fraudulently obtained money through Venmo and a bank account in the name of Upper Limit Inovation to transfer the fraudulently obtained money for defendant COLE ARNOLD's personal benefit.

11. It was part of the scheme and artifice to defraud that defendant COLE ARNOLD stole large sums of money from NDPA and Ascent by using his position at Academica West to electronically submit false invoices and create computer journal entries

3

claiming fictitious expenses, which expenses were paid by NDPA and Ascent and diverted by defendant COLE ARNOLD for his personal benefit. NDPA and Ascent did not receive the items or services claimed in the false invoices and computer entries.

12. During the scheme, defendant COLE ARNOLD submitted and created more than one hundred false or fictitious invoices and computer journal entries to generate payments from NDPA and Ascent for his own personal benefit. In total, defendant COLE ARNOLD obtained $2,563,348.23 from NDPA and Ascent as a result of his scheme to defraud.

13. On or about the dates listed below, in the District of Utah and elsewhere,

COLE ARNOLD,

defendant herein, having devised and intended to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, promises, and omissions of material facts, for the purpose of executing said scheme and artifice to defraud, did cause to be transmitted by means of wire communication certain writings, signs and signals, that is, an interstate wire, as represented below, each such use of wire communication being a separate count of this Indictment:

| COUNT | DATE (on or about) | USE OF INTERSTATE WIRES |
|---|---|---|
| 1 | 10/06/2018 | Invoice submitted electronically by defendant COLE ARNOLD to NDPA, which invoice was transmitted by wire communication, and falsely claimed an expense of $2,056.34 for a gas range to be installed at NDPA |
| 2 | 11/29/2019 | Invoice submitted electronically by defendant COLE ARNOLD to Ascent, which invoice was transmitted by wire communication, and falsely claimed an expense of $24,000.00 for 120 Amazon gift cards |

| 3 | 12/18/2019 | Invoice submitted electronically by defendant COLE ARNOLD to Ascent, which invoice was transmitted by wire communication, and falsely claimed an expense of $8,798.26 for DSLR cameras and equipment |
| --- | --- | --- |
| 4 | 01/01/2020 | Invoice submitted electronically by defendant COLE ARNOLD to NDPA, which invoice was transmitted by wire communication, and falsely claimed expenses of $15,997.04 for windows |
| 5 | 01/16/2020 | Invoice submitted electronically by defendant COLE ARNOLD to NDPA, which invoice was transmitted by wire communication and falsely claimed an expense of $14,343.70 for a storage shed |
| 6 | 02/02/2020 | Invoice submitted electronically by defendant COLE ARNOLD to NDPA, which invoice was transmitted by wire communication and falsely claimed expenses of $14,580.00 for a play structure and photography |
| 7 | 03/14/2020 | Invoice submitted electronically by defendant COLE ARNOLD to Ascent, which invoice was transmitted by wire communication and falsely claimed expenses of $22,000.00 for 80 Apple iPads |
| 8 | 03/09/2021 | Invoice submitted electronically by defendant COLE ARNOLD to Ascent, which invoice was transmitted by wire communication and falsely claimed expenses of $22,033.40 for cheer uniforms |
| 9 | 12/16/2021 | Journal entry submitted electronically by defendant COLE ARNOLD to NDPA, which journal entry was transmitted by wire communication and falsely claimed expenses of $24,102.03 for salaries for teacher aides and paraprofessionals |
| 10 | 06/20/2022 | Journal entry submitted electronically by defendant COLE ARNOLD to NDPA, which journal entry was transmitted by wire communication and falsely claimed expenses of $22,175.00 for classroom supplies |

All in violation of 18 U.S.C. § 1343.

## Counts 11-15
## 18 U.S.C. § 1957
## (Money Laundering)

14.    All the allegations set forth in this Indictment are incorporated herein by reference and realleged as though fully set forth herein.

15. On or about the dates enumerated in each count below, in the District of Utah, and elsewhere,

COLE ARNOLD,

defendant herein, did knowingly engage and attempt to engage in the following monetary transactions in criminally derived property of a value greater than $10,000.00, and were derived from the specified unlawful activity of Wire Fraud as alleged above, in instances including but not limited to each count below:

| COUNT | DATE (on or about) | MONETARY TRANSACTIONS |
|---|---|---|
| 11 | 01/01/2020 | $15,997.04 transfer from NDPA account (account number XX-4648) to defendant COLE ARNOLD's CitiBank account (card number XX-6363) |
| 12 | 01/16/2020 | $14,343.70 transfer from NDPA account (account number XX-4648) to defendant COLE ARNOLD's CitiBank account (card number XX-6363) |
| 13 | 02/02/2020 | $14,580.00 transfer from NDPA account (account number XX-4648) to defendant COLE ARNOLD's CitiBank account (card number XX-6363) |
| 14 | 03/14/2020 | $22,000.00 transfer from Ascent account (account number XX-3272) to defendant COLE ARNOLD's CitiBank account (card number XX-5190) |
| 15 | 12/16/2021 | $24,102.03 transfer from NDPA account (account number XX-4648) to defendant COLE ARNOLD's CitiBank account (card number XX-4982) |

All in violation of 18 U.S.C. § 1957.

## NOTICE OF INTENT TO SEEK FORFEITURE

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of any offense violating 18 U.S.C. § 1343, the defendant shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from proceeds traceable to the scheme to defraud. The property to be forfeited includes, but is not limited to:

- Real Property located at 970 South View Crest Lane, Kaysville, Utah;
- A money judgment equal to the value of any property not available for forfeiture as a result of any act or omission of the defendant for one or more of the reasons listed in 21 U.S.C. § 853(p); and
- Substitute property as allowed by 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p).

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of any offense in violation of 18 U.S.C. § 1957, the defendant shall forfeit to the United States of America any property, real or personal, involved in such violations, and any property traceable to such property. The property to be forfeited includes, but is not limited to:

- Real Property located at at 970 South View Crest Lane, Kaysville, Utah
- A money judgment equal to the value of all property not available for forfeiture as a result of any act or omission of the defendant for one or more of the reasons listed in 21 U.S.C. § 853(p); and;
- Substitute property as allowed by 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p).

## GRAND JURY'S PROBABLE CAUSE FINDING REGARDING FORFEITURE

The grand jury finds probable cause to believe that:

1)   The defendant has committed the crimes specified in the above forfeiture notice;

2)   The real property located at 970 South View Crest Lane, Kaysville, Utah is (a) constituted or derived from proceeds traceable to the wire fraud scheme, or (b) involved in money laundering or property traceable to property involved in money laundering; and

3)   In the event of the defendant's conviction such property would be subject to forfeiture:

- Real property located at 970 South View Crest Lane, Kaysville, Utah

A TRUE BILL:

/s/
_____
FOREPERSON OF GRAND JURY

TRINA A. HIGGINS
United States Attorney

_____
JENNIFER K. MUYSKENS
Assistant United States Attorney